GREbn, J.
delivered the opinion of the court.
1st. The first question in this case is, whether the complainant could have made an effectual defence at law?
The bill alleges, that the notes, upon which the judgments (now sought to be enjoined) were obtained, were executed by Brown and the complainant, as his surety, to Strayhorne, in pursuance of an agreement previously made between Brown and Strayhorne, that they would be received by the latter in discharge of several notes held by him on Brown and complainant, in which complainant was Brown’s surety. The notes were executed payable to Strayhorne, and delivered to Brown, the principal obligor, to be by him handed over to Strayhorne, in pursuance of the aforesaid agreement. Strayhorne refused to receive them, as he had agreed to do, and Brown fraudulently sold them to Crosby at a discount of twenty-five per cent, without any endorsement from Strayhorne. This statement of the bill is substantially proved, and upon these facts, the question arises, whether the complainant could have sustained a plea of non est factum1 As Strayhorne had agreed witli Brown to receive these notes in payment of those he already held, and the fact of this agreement was communicated to Hill, the complainant, who thereupon executed the notes, and delivered them to Brown for Strayhorne, it may well be questioned, whether he could afterwards maintain, that there was no delivery to Stray-horne. Although there was no express agency on the part of Brown for Strayhorne, yet, as the negotiation was conducted by him, and was to be consummated by reason of his own connection with the transaction, through his agency, the delivery of the notes to Brown for Strayhorne, very probably placed them beyond the power of the complainant to re-call, and entitled Strayhorne to the possession of them upon surrendering the old notes. If this be so, the delivery to Brown was a delivery to Strayhorne, in legal contemplation, so that the suits at law in the name of Strayhorne for the use of Crosby’s administrators, could not have been successfully defended under the plea of non est factum.
But a court of chancery refuses to take jurisdiction in such cases, only, when there has been a trial at law, and the party has neglected to avail himself of a clear and unembarrassed defence which he might have made. In this case it cannot be affirmed that complainant’s defence upon the plea of non est factum was clear and without *547 embarrassment. If he could not make that defence, as the notes were under seal, he was without remedy at law, and, therefore, the trial there, is not in the way of this court, in affording that relief which the merits of the case may demand.
2nd. The next and remaining question is, whether the complainant is entitled, upon the facts before stated, to be relieved against these judgments ? And we think he is.
The notes were executed for the special purpose of being placed in the hands of Strayhorne, in payment of a debt for which the complainant was liable. Had Strayhorne taken them, and advanced money upon them to Brown, still retaining the old notes, knowing they had been executed by Hill in' pursuance of his own agreement with Brown, and that Hill had entrusted them to Brown to carry out that agreement, it would be most clear that he would have been as guilty of a gross fraud in buying as Brown would have perpetrated in selling the notes. But Crosby could have been in no better situation, even had he obtained the notes from Strayhorne, without endorsement, and not in the course of trade, than Strayhorne himself, and all the equities which Hill would have had against Strayhorne would have existed against Crosby. The facts, however, make the case much stronger against Crosby than the one supposed.
Brown, the principal obligor, traded him the notes, and endorsed them. He saw they were payable, to Strayhorne, and were not endorsed by him; and with all this reason to awaken suspicion, he purchased them at a heavy discount. Standing in this predica? ment, he has no equity to oppose that of the complainant. .
Let the decree be affirmed.